**SO ORDERED.**

**SIGNED this 01 day of April, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

WILLIAM and PAULA WHALEY,  CASE NO. 09-05130-8-JRL
                          Chapter 11
    Debtors.


IN RE:

WHALEY PARTNERS, a North Carolina  CASE NO. 09-005121-8-JRL
general partnership,               Chapter 11

    Debtor.
_____

## ORDER

This case is before the court on the debtors' motion to establish order and priority of crop liens, subordinate the lien of Wachovia Bank, N.A. ("Wachovia") to lien in favor of Guy C. Lee Manufacturing Company and to grant authority to trustee for execution of necessary documents. A hearing took place in Raleigh, North Carolina on March 24, 2010.

### BACKGROUND

William L. Whaley Jr. and Paula A. Whaley, individuals, and Whaley Partners, a general partnership (collectively, the "debtors"), filed for protection under Chapter 11 of the Bankruptcy

Code on June 22, 2009. After filing, the debtors continued their farming operations. On July 9, 2009, Joseph N. Callaway was appointed trustee in both cases pursuant to 11 U.S.C. § 1104.

Seeking the funding necessary to continue farming operations for the 2010 crop year, the individual debtors filed a motion for authorization to obtain post-petition financing and grant post-petition liens and replacement liens on February 26, 2010. A hearing was held on March 1, 2010, along with a follow-up telephonic hearing on March 16, 2010. On both occasions, Wachovia objected on the ground that, because a trustee was appointed in each of these cases, the debtors lacked standing to seek post-petition financing. However, the trustee assured the court of his consent to the debtors' motion, that the requested financing was in the best interest of the debtors' estates, and that the financing sought was in an amount absolutely necessary to allow the debtors to continue their farming operations through the plan confirmation hearing. Partly on the basis of the trustee's assurance, by order dated March 22, 2010 (the "order"), the court granted the motion in part, allowing the debtors to fund their farming operations for the 2010 crop year by using $250,000.00 of estate funds held by the trustee. The court further allowed the debtors to borrow $350,000.00 from Ross Lampe secured by a third priority lien on the 2010 crops and a third priority lien on the individual debtors' Carteret County beach house (the "beach property"), pending further hearing to establish Wachovia's interest in the beach property.[1]

The debtors failed to secure post-petition financing in the manner permitted by the order, and now seek court approval of an alternative proposal. Specifically, the debtors now wish to

---

[1] By consent order entered August 12, 2009, Wachovia was granted a first priority lien on the beach property in an amount limited to the diminution of value of Wachovia's interest in its collateral caused by the debtors' use of cash collateral.

2

subordinate the existing deed of trust on the individual debtors' beach property in favor of Wachovia to a new first priority deed of trust in favor of Guy C. Lee Manufacturing Company; the new deed of trust would secure a cash advance of $350,000.00, plus twelve percent interest. The debtors' motion also seeks court approval of an advance of up to $800,000.00 by Helena Chemical Company for "inputs" for the 2010 crop year, to be secured by a first crop lien, and sets out a proposed order of priority of the 2010 crop proceeds.

## DISCUSSION

The court recognizes that § 364 of the Bankruptcy Code allows the trustee to obtain post-petition financing on behalf of the estate in a Chapter 11 case. See 11 U.S.C. § 364(a),(b). Section 364(d)(2) further provides that the court may authorize the obtaining of credit and the incurring of debt secured by a lien senior or equal to existing liens on property of the estate. See 11 U.S.C. § 364(d)(2) (allowing the court to subordinate existing encumbrances, after notice and a hearing, if the trustee is otherwise unable to obtain credit and if there is adequate protection of the original lien holder's interest). Both immediately prior to the hearing on the debtors' motion and again at the hearing, however, the trustee informed the court that, regrettably, the debtors' motion no longer had his support. Accordingly, the court finds that the debtors do not have standing to seek approval of the post-petition financing proposed in their motion; upon appointment, the trustee is vested with the sole right to administer the debtors' estate. See In re

3

Bresnick, 406 B.R. 582, 585 (Bankr. E.D.N.Y. 2009).

Based on the foregoing, the debtors' motion is **DENIED**.

**END OF DOCUMENT**