**SO ORDERED.**

**SIGNED this 20 day of April, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

WILLIAM and PAULA WHALEY,    CASE NUMBER: 09-05130-8-JRL
                             Chapter 11
    Debtors.
_____

### ORDER

This matter is before the court on the debtors' motion for authority to file a plan, for approval of 2010 farm financing, or in the alternative to dismiss. A hearing was held in Raleigh, North Carolina on April 15, 2010.

### BACKGROUND

William L. Whaley Jr. and Paula A. Whaley filed for protection under chapter 11 of the Bankruptcy Code on June 22, 2009. After filing, the debtors continued their farming operations. On July 9, 2009, Joseph N. Callaway was appointed trustee pursuant to 11 U.S.C. § 1104. On April 7, 2010, the trustee filed an amended chapter 11 plan. The amended plan remains pending before this court. As filed, the amended plan proposes to liquidate the assets of the debtors. Based on assertions by the trustee, the amended plan was necessary after monumental efforts at negotiations revealed that there was insufficient creditor support for the prior plan of reorganization to allow its confirmation.

The debtors do not favor the amended plan and seek an order granting them an opportunity to file a plan of their own. Although not entirely outlined in their motion or at hearing, the debtors suggest creating a "joint" plan with the already confirmed plan in the related Whaley Partners case (Case No. 09-005121-8-JRL). The debtors further believe that additional opportunity should be given for negotiations with creditors, in particularly Helena, as a potential provider of post-petition financing. In the alternative, the debtors seek dismissal. Those creditors present at the hearing, the trustee, and the Bankruptcy Administrator voiced an almost unanimous objection to the debtors' motions.

## DISCUSSION

The debtors seek the authority to file a plan; however, the court's approval on the matter is unnecessary. Appointment of a trustee abolishes the exclusivity period under 11 U.S.C. § 1121(b). See 11 U.S.C. § 1121(c); In re Vincent, 4 B.R. 23, 24 (Bankr. M.D.T.N. 1980); In re Kun, 15 B.R. 852, 853 (Bankr. D. Ariz. 1981). Once the exclusivity period has expired or abated, any party in interest, including the debtor, may file a plan for reorganization. 11 U.S.C. § 1121(c). Therefore, if the debtors wish to submit a plan, they may do so.

With regard to the approval of 2010 farm financing, the court reiterates its findings detailed in the order of April 1, 2010. Section 364 of the Bankruptcy Code allows the trustee to obtain post-petition financing on behalf of the estate in a chapter 11 case. See 11 U.S.C. § 364(a),(b). Upon appointment, the trustee becomes the sole party with the right to administer the debtors' estate. See In re Bresnick, 406 B.R. 582, 585 (Bankr. E.D.N.Y. 2009). Accordingly, the debtors are without standing for the approval sought.

As for the remaining question of dismissal, the court finds such action inappropriate at this

time.  The creditors resoundingly object to a dismissal of the case as not in their best interests. The trustee is holding significant funds derived from profits from the 2009 crops, and difficult questions about their distribution would be raised if done outside of a confirmed plan.  Equally important to the court's determination is the assertion by the trustee that if dismissed, the debtors would be subject to substantial tax liability.  Dismissal is not in the best interest of the debtors, creditors, or the estate.  See 11 U.S.C. § 1112(b)(1).

Based on the foregoing the debtors' motion is **DENIED**.

**END OF DOCUMENT**